| Case No. | EDCV 19-00254 AG (SPx) | Date | March 1, 2019 |
|---|---|---|---|
| Title | EZRA P. WATSON v. FORD MOTOR COMPANY ET AL | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER REMANDING CASE**

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendants Ford Motor Company and Rancho Ford, Inc. dba Gosch Ford Temecula invoked that limited jurisdiction when they filed a notice of removal in this Court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Plaintiff's claims concern state law—specifically, violation of the Song-Beverly Act and negligent repair. (Compl., Dkt. 1-1.) So federal question jurisdiction doesn't exist here. Instead, Defendants says this Court has diversity jurisdiction, and that Gosch Ford was fraudulently joined to destroy that diversity. (Notice of Removal, Dkt. 1 at 3.)

A removing defendant may prove fraudulent joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). Defendants do not pursue the actual fraud basis. For Defendants to succeed on the latter theory, they must convince the Court that after resolving "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

| Case No. | SACV 19-00254 AG (SPx) | Date | March 1, 2019 |
| Title | EZRA P. WATSON v. FORD MOTOR COMPANY ET AL | | |

questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). The failure to state a claim against a non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

Plaintiff's only claim against Gosch Ford (a California corporation) is negligent repair. Plaintiff alleges that Gosch Ford owed a duty to use ordinary care and skill in storage, preparation, and repair of the subject vehicle and breached that duty by failing to conform to industry standards. Plaintiff seeks special and actual damages according to proof at trial.

Resolving all questions of fact and ambiguities in Plaintiff's favor, the Court does not find that Plaintiff "could not possibly recover" against Gosch Ford. *Padilla*, 697 F. Supp. 2d at 1158. Thus, the case is REMANDED to the Superior Court of California, County of Riverside.

| | : | 0 |
| Initials of Preparer | mku | |